IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| **v.** | ) ) | CR. NO.  3:06-cr-236-MEF |
| **CHRISTOPHER LAJUAN HEARD**<br>    a/k/a "Sleepe" | ) ) ) | |

**Sentencing Memorandum in Support of Probation Officer's PSI Calculations**

To aid the Court at sentencing, the United States files the attached sentencing memorandum in support of the Probation Officer's calculated sentencing range.  The United States requests that the Court follow the Probation Officer's PSI calculations–they are both factually and legally correct–and overrule Defendant Christopher LaJuan Heard's objection regarding his base offense level.  Heard's position that he possessed all ammunition and his firearm solely for lawful sporting purposes and that he did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition[1] is not legally or factually warranted.

1. **Heard's Base Offense Calculated Level and Plea Agreement Does Not Permit Application of the "Lawful Sporting Purposes" Provision.**

First, as a legal matter, Heard may not receive a "lawful sporting purposes" reduction under Guidelines Section 2K2.1(b).  The Probation Officer has calculated Heard's base offense level at 20.[2] The lawful sporting purposes provision, however, "is applicable only if

---

[1] *See* U.S.S.G. § 2K2.1(b)(2).

[2] *See* PSI at ¶ 22.

a defendant's base offense level is 14 or less."[3] Heard's base offense level is 20; thus he does not qualify. Heard has filed no objections to contest this calculation.[4] Thus, as a matter of law, he does not qualify for the "lawful sporting purposes" provision. His base offense level should therefore be 20.

> 2. **Even If It Were Legally Permitted, the Facts of this Case Do Not Warrant Application of the Lawful Sporting Purposes Provision.**

Moreover, even if it were legally permitted, the facts of this case do not warrant application of the lawful sporting purposes provision. Application of this provision is determined by the case's "surrounding circumstances." "Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature the defendant's criminal history (e.g., prior convictions for offense involving firearms) and the extent to which possession was restricted by local law."[5] Heard bears the burden to show that the application is warranted.[6]

Heard, a resident Randolph County, was stopped on July 9, 2005, in Lafayette, Chambers County, Alabama.[7] In the truck of his vehicle was a Ruger Mini 14, .223 caliber

---

[3] *United States v. Golding*, 332 F.3d 838, 839 n.2 (5th Cir. 2003); *see also* U.S.S.G. § 2K2.1, app. note 6.

[4] Nor may he. Heard's plea agreement specifically states "other than a motion based upon Guideline Section 2K2.1(b)(2) and any factual objections the defendant may have to the Presentence Investigation Report, the defendant will file no other motions or objections related to the base offense level, specific offense characteristics, adjustment of Guideline levels, or downward departure." *See* Doc. No. 20 at ¶3.

[5] *United States v. Caldwell*, 431 F.3d 795, 798-99 (11th Cir. 2005) (citing U.S.S.G. § 2K2.1 app. note 6).

[6] *United States v. Wyckoff*, 918 F.2d 925 (11th Cir. 1990).

[7] PSI at ¶ 5.

rifle, along with 205 rounds of ammunition consisting of two high capacity magazines, five standard capacity magazines, and four boxes of twenty rounds of ammunition.[8] Later, on March 6, 2006, Heard was arrested for a variety of non-related charges. While being arrested on that case, Heard attempted to take a police officer's gun.[9] Thus, the amount and type of ammunition Heard possessed and Heard's criminal history regarding guns, would militate against the lawful sporting purpose provision's application.

Moreover, Heard could not have been hunting on July 9, 2005. The United States will introduce the following evidence at sentencing: (a) Alabama's hunting season in 2005 ran from November 20, 2005 until January 15, 2006; (b) Georgia's hunting season ran from late September, 2005 until mid-January, 2006; and (c) Heard did not have a registered hunting license in either state. Furthermore, Heard could not have been using the gun at a range or gun club–Alabama Department of Wildlife records show no ranges or gun clubs in Randolph or Chambers County.

Thus, even if it were legally permissible to consider the lawful sporting purpose's provision, which it is not, the circumstances surrounding Heard's arrest show that he did not possess "all ammunition and firearm solely for lawful sporting purposes."

Respectfully submitted this the 14th day of August, 2007.

LEURA G. CANARY
United States Attorney

---

[8] *Id.* at ¶ 6.

[9] *Id.* at ¶ 30.

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
christopher.a.snyder@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Donnie Bethel.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney